# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
## The Honorable Michael E. Romero

| | |
|---|---|
| In re: | ) |
| | ) Case No. 05-44828 MER |
| LINDA SUE SONNENSCHEIN | ) |
| | ) Chapter 7 |
| Debtor. | ) |

## ORDER

THIS MATTER comes before the Court on McGuane & Hogan's (the "McGuane Firm's") Motion for Relief from Order Denying Motion for Extension of Time to File Appeal (the "Motion") and the objections thereto by the Chapter 7 Trustee (the "Trustee") and Dennis Sonnenschein. The Court has reviewed the file and considered the legal arguments presented by the parties, and hereby finds and concludes as follows.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (G), as it involves the administration of the estate.

## BACKGROUND FACTS

On February 26, 2008, the Court conducted a hearing on the Trustee's Motion to Approve Settlement Agreement. On March 26, 2008, the Court entered an Order granting the Trustee's Motion and overruling the McGuane Firm's objection. On April 22, 2008, the McGuane Firm filed a Motion for Extension of Time to File Appeal, as well as a Notice of Appeal. On April 23, 2008, the Court entered an Order denying the Motion for Extension. The McGuane Firm then filed the instant Motion. The Court's review of its file indicates a separate judgment was not filed with the March 26, 2008 Order.

## DISCUSSION

The Tenth Circuit has recently held that under FED.R.CIV.P. 58[1], made applicable to bankruptcy proceedings by FED.R.BANKR.P. 9021, when a court's judgment is not issued as a separate document,

---

[1] FED.R.CIV.P. 58 provides in pertinent part:

(a) **Separate Document**. Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
    (1) for judgment under Rule 50(b);
    (2) to amend or make additional findings under Rule 52(b);
    (3) for attorney's fees under Rule 54
    (4) for anew trial, or to alter or amend the judgment, under Rule 59; or
    (5) for relief under Rule 60.

the judgment is not entered for purposes of starting the time for filing a notice of appeal until 150 days after the entry of the court's decision. *In re Taumoepeau*, ___F.3d___, 2008 WL 1795065, at *2-*3 (10th Cir. April 22, 2008). In those circumstances, appellants have 180 from the date the court's decision is entered on the docket to file a timely notice of appeal, giving them an extra 150 days from the normal 30 days. *Id.*, at *2, citing FED.R. APP.P. 4(a)(7)(A)(ii) (a judgment without a separate document deemed entered 150 days after its entry on the docket) and FED.R.APP.P. 4(a)(1) (where a judgment appears on a separate document, a notice of appeal must be filed within 30 days after entry).

In the case before it, the appeal of a bankruptcy court's determination that a stipulation with a secured creditor remained in force after the confirmation of a Chapter 13 plan, the Tenth Circuit found the Bankruptcy Appellate Panel's issuance of a combined order and judgment did not satisfy Rule 58's separate document requirement, thus giving the appellants an extra 150 days to file a timely appeal. *Id.*, at *4. The Court noted Rule 58's separate document requirement is applied mechanically when doing so will preserve a party's right to appeal. Id., at *3 (*citing Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978); *Thompson v. Gibson*, 289 F.3d 1218, 1221 (10th Cir. 2002)). Although the Court opined a single document could constitute a "separate" document under some circumstances, it found the entry of orders containing legal discussions and analyses did not qualify as such circumstances. *Id.*, at *3 (*citing Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992)).

Here, a separate judgment was not entered with the March 26, 2008 Order. Moreover, the Trustee's Motion to Approve Settlement Agreement does not fall under the enumerated exceptions to the separate document requirement set forth in Fed.R.Civ.P. 58(a). Therefore, the Court must conclude the McGuane Firm's time to appeal the March 26, 2008 Order will not expire until approximately September 26, 2008. Accordingly,

IT IS ORDERED that the McGuane Firm's Motion for Relief from Order is granted.

IT IS FURTHER ORDERED that, upon reconsideration, the McGuane Firm's Motion for Extension of Time is denied, not because the notice of appeal is untimely, but because, since the McGuane Firm's time to file a notice of appeal has not expired, the Motion for Extension of Time is moot.

DATED: June 23, 2008

BY THE COURT:

Michael E. Romero
U.S. Bankruptcy Judge